IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MATTHEW WALTON, | ) Case No. 3:21-cv-168 |
| | ) |
| Plaintiff, | ) JUDGE JAMES R. KNEPP II |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

Plaintiff, Matthew Walton, seeks judicial review of the final decision of the Commissioner of Social Security, denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. This matter is before me pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b) for preparation of a Report and Recommendation. Walton has requested leave to proceed *in forma pauperis* ("IFP") in this matter. ECF Doc. 2. Because I conclude that Walton has sufficient financial resources to pay the court's $400 filing fee, I recommend that the court DENY his application for leave to proceed IFP.

**I.      Relevant Background**

On January 21, 2021, Walton filed a complaint (ECF Doc. 1) and an IFP application (ECF Doc. 2). In describing his financial status, Walton states that he had an average monthly income of $2,486 over the past 12 months and an expected monthly income of $0 next month. ECF Doc. 2-1 at 1-2. Walton's spouse has a monthly income of $4,320, which is expected to continue next month. ECF Doc. 2-1 at 1-2. This results in an average monthly household

income of $6,806 for the past 12 months and an expected household income of $4,320 next month. Walton and his spouse have $570 cash and his spouse has $570 in a checking account. ECF Doc. 2-1 at 2. The couple owns a $169,000 house, a 2013 Ford F150 XLT valued at $16,892, and a 2019 Chevy Equinox valued at $12,783. ECF Doc. 2-1 at 2.

Walton and his spouse's monthly expenses total $4,057. ECF Doc. 2-1 at 3-4. That total includes: $1,225 for rent; $570 for utilities; $71 for home maintenance; $300 for food; $50 for clothing; $20 for laundry and dry cleaning; $283 for medical and dental expenses; $150 for transportation; $50 for recreation, entertainment, newspapers, magazines, etc.; $90 for life insurance; $340 for health insurance; $83 for motor vehicle insurance; $520 for motor vehicle installments; and $300 for credit card payments. ECF Doc. 2-1 at 3-4. This leaves Walton and his spouse with a monthly average net income of $2,749 over the past 12 months, or an expected net income of $263 next month.

**II.     Law and Analysis**

Pursuant to 28 U.S.C. §1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other

2

financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct, 16, 2012); *see also Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (The court should consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis.) (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (Table Decision) (If the plaintiff is supported by a spouse, and the spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent plaintiff from gaining access to the courts).

Here, Walton's application reflects that he and his spouse receive enough monthly income to cover their basic expenses. The funds expected to be left over at the end of next month ($263), the couple's cash reserves ($570), and the couple's checking account balance ($570) are enough to cover this court's $400 filing fee. Even if the court were to consider that Walton's statement that he has $570 cash and his wife has $570 in a bank account may have been an error, and that Walton meant that the couple had a total of $570 in cash or accounts, this amount would still exceed the $400 required for this court's filing fee. Based on these figures, it does not appear that Walton is unable to pay the filing fee. Rather, it appears that this is a case in which Walton must "weigh the financial constraints posed by pursing his complaint against the merits of his claims." *Behmlander*, 2012 WL 5457466, at *2.

**III.     Recommendation**

Because Walton has sufficient funds to pay the court's $400 filing fee after his monthly expenses are accounted for, I find that Walton is not eligible to proceed IFP in this case. Accordingly, I recommend that the Court DENY Walton's IFP application (ECF Doc. 2) and require him to pay the filing fee within a reasonable time.

Dated: January 22, 2021

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).